[No. 36458.    Department Two.    February 21, 1963.]

THE STATE OF WASHINGTON, *on the Relation of T. E. Stephens, Respondent,* v. HOWARD ODELL *et al., Appellants.**

\*Reported in 378 P. (2d) 932.

*Charles O. Carroll, James J. Caplinger,* and *William L. Paul, Jr.,* for appellants.

*Karr, Tuttle, Campbell, Koch & Granberg (John F. Kruger, of counsel)*, for respondent.

FINLEY, J.—The instant appeal is predicated upon a judgment, entered by the Superior Court for King County on December 18, 1961, which ordered the issuance of a peremptory writ of mandate directed to the Board of County Commissioners for King County (hereinafter referred to as the board). The writ requires the board to process in its usual manner, subject to certain restrictions, a petition for the incorporation of Bridle Trails as a third class city.

On July 17, 1961, the petition for the incorporation of Bridle Trails was filed with the King County Auditor in compliance with the requirements of RCW 35.02.020. Subsequently, the auditor fulfilled the obligations imposed upon him under the provisions of RCW 35.02.035 by transmitting the petition and a certificate of sufficiency to the board. Then notice of the hearing on the petition for incorporation was given by the board, pursuant to RCW 35.02.040. After the hearing, Resolution No. 23348 was adopted on October 30, 1961, which provided as follows:

"BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF KING COUNTY, WASHINGTON

"1. Said Board had presented to it by the Auditor of King County on July 26, 1961 a petition for incorporation of the City of Bridle Trails as a third class city.

"2. Said Board has heretofore fixed this day of October 30, 1961 as the day on which final action will be taken on said petition.

"3. The area proposed to be incorporated is 4.2 square miles.

"4. The Board on its own motion challenged the sufficiency

of the petition that the area proposed to be incorporated or any part thereof and its inhabitants do not constitute a pre-existing town or community and, therefore, is not capable of organization. On this issue the said Board heard and considered credible evidence and made its own investigation, and from such evidence and investigation makes these findings of fact:

"a. There are 1549 inhabitants of said area, computed on the usual basis of 3.05 persons per dwelling, of all ages; and such persons are engaged in all kinds of trades, occupations and professions.

"b. The entire area is essentially residential, said trades, occupations and professions being practiced outside said area in nearby cities and towns and unincorporated areas except for minimal residential services. There is no school, library or cultural identification.

"c. There is not one or more communities or similar centers within said area, such as would do to provide services of shelter, food, and clothing, and services incidental thereto; or any form of volunteer or other municipal function or society. There is no common economic interest or work place.

"d. The business of the area are one bowling alley, one neighborhood grocery store, and one service station. There is no retail center, there is no customary identification of place or area.

"e. The area is served by three water districts (Water Districts Nos. 68, 81, and 99) which include other lands in their boundaries.

"Sewage disposal is strictly individual.

"Fire protection is afforded by three districts (Fire Districts Nos. 14, 34 and 41) which include other lands within their boundaries.

"This area and much other land is served by Puget Sound Power and Light Company under long term franchise.

"The area is included in Bellevue School District No. 405 and Lake Washington School District No. 414 which include other lands within their boundaries. The physical school plants are all outside the area proposed to be incorporated.

"Road and police activities are now all performed by King County.

"There are no activities to be performed by the inhabitants except those to prevent urbanization.

"This area makes use of municipal centers of communities

of Bellevue, Houghton, Kirkland and Redmond.

"There is no petition before this Board of County Commissioners on which to act which constitutes a pre-existing town or community.

"PASSED this 30th day of October, 1961.

"BOARD OF COUNTY COMMISSIONERS

    "KING COUNTY, WASHINGTON

           /s/  "HOWARD ODELL, Chairman

                 "ED MUNRO, Commissioner

                 "SCOTT WALLACE, Commissioner."

No appeal was taken from the board's action of October 30, 1961, refusing to proceed with the petition for the incorporation of Bridle Trails in accordance with RCW 35-.02. However, on November 17, 1961, the respondent sought a peremptory writ of mandate from the superior court to compel the board to process the petition for incorporation so that an incorporation election could be held. The issuance of that writ is the subject of the instant appeal. The judgment of the trial court is hereinafter quoted in so far as it is pertinent to this appeal:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a Peremptory Writ of Mandate shall issue directing the Board of County Commissioners of King County, and each of the Commissioners, at or before the next regular meeting of the Board of County Commissioners to establish and define the boundaries of the proposed third class city of Bridle Trails, being authorized to decrease the area proposed in the Petition for Incorporation thereof by not more than 20% of the area so long as the population is not reduced below 1,500 inhabitants, and otherwise to follow the existing procedure of the Board of County Commissioners preliminary to conduct of an incorporation election by the County Auditor in the manner provided by law; . . ."

The initial contention made by the appellant is that the superior court lacked jurisdiction to issue the peremptory writ of mandate. The appellant contends that a direct appeal pursuant to RCW 36.32.330 is the only remedy available to the respondent from the refusal of the board to process the petition for incorporation. That statute permits an appeal within 20 days "to the superior court from any decision or order of the board of county commissioners."

The appellant argues that, there being an adequate remedy by appeal available to the respondent, resort may not be had to an action for mandamus. However, we find that the resolution of the board, quoted hereinbefore, was not a decision or order of the board, because it merely indicated a refusal by the board to perform a limited discretionary function (*i.e.*, establishment of boundaries for the proposed area of incorporation). Hence, the board's refusal to act is not appealable under the provisions of RCW 36.32-.330.

■ The question remaining is whether mandamus is appropriate. The exercise of the aforementioned limited discretionary function is a mandatory obligation imposed upon the board by RCW 35.02.070. This court has previously stated in *State ex rel. Yeargin v. Maschke* (1916), 90 Wash. 249, 253, 155 Pac. 1064, 1065, that

"If a tribunal such as the board of county commissioners acts arbitrarily, or *refuses to exercise its discretion,* the law will by mandamus require it to exercise its discretionary power." (Italics ours.)

We, therefore, conclude that the superior court had jurisdiction to issue a peremptory writ of mandate compelling the board to exercise its discretion.

■ The second contention made by appellant is that the trial court erred in not dismissing the action. The basis for this contention is the allegation that there is no legal possibility of vesting corporate powers on the inhabitants and area unless there is a pre-existing town or community. Appellant concedes that there is no specific provision in the municipal incorporation statutes that requires a pre-existing town or community as a condition precedent to incorporation. Despite this fact, the appellant argues that the requirement of a pre-existing town or community is so firmly embedded in municipal law that it should be read into the statute. The pertinent statute herein involved is RCW 35.02.010:

"*Any portion* of a county containing not less than three hundred inhabitants lying outside the limits of an incor-

porated city or town may become incorporated as a municipal corporation of the class to which it belongs." (Italics ours.)

The appellant is asking this court to interpret the clear and unambiguous term "any portion" as embracing the concept of a pre-existing town or community. No reasonably convincing basis is demonstrated to relieve the court of the onus of amending the statute by judicial fiat. Recently, in another case involving municipal incorporation statutes, *Port of Tacoma v. Parosa* (1958), 52 Wn. (2d) 181, 192, 324 P. (2d) 438, 445, the court, relative to considerations comparable to those urged by appellant in the instant case, stated:

"If the law is unwise, as the respondents urge, that is a matter for legislative consideration; it is not a matter on which the court is competent to judge. That the law allows sparsely populated areas to become incorporated is no constitutional objection. *Ferguson v. Snohomish*, . . . [(1894), 8 Wash. 668, 36 Pac. 969]."

The peremptory writ of mandate, hereinbefore quoted, expressly permitted the board to decrease the proposed area of incorporation by up to 20 per cent, provided that the population contained within the boundaries as established by the board was not reduced to less than 1,500 inhabitants. That restriction, as to population, was imposed by the trial court to insure that the proposed area of incorporation would qualify as a third class city. RCW 35.01.030 requires that a third class city have at least 1,500 inhabitants at the time of incorporation. It should be borne in mind during this discussion that the proposed area of incorporation included a population of 1,549 inhabitants and an area of 4.2 square miles. If the population should be reduced to less than 1,500 inhabitants, prior to the time of incorporation, then the area could only seek to qualify as a fourth class city (RCW 35.01.040). And in relation to a fourth class city it is necessary to consider RCW 35.21.010, which provides that ". . . not more than one square

mile in area shall be included within the corporate limits of municipal corporations of the fourth class, . . ."[1]

RCW 35.02.070 gives the board authority to decrease the area designated in the petition for incorporation by up to 20 per cent, provided that the population is not thereby reduced to less than the 300 required for incorporation by RCW 35.02.010. The trial court concluded that the statutory authority to reduce the proposed area of incorporation by a maximum of 20 per cent was not a grant of plenary power, but should be subjected to limitations. The apparent rationale of the trial court, in imposing the additional restriction on the board's authority to reduce the proposed area of incorporation by 20 per cent, was that in the absence of such a restriction there might be such a reduction of population that the petition for incorporation could only be treated as being for the incorporation of a fourth class city. This would then subject the incorporation to the 1 square mile limitation.

■■ The inclusion of the additional population restriction in the peremptory writ of mandate entered by the trial court should be considered in conjunction with the following language from *Port of Tacoma v. Parosa, supra:*

"The respondents point out, and rightly, that under the statute, petitioners may so designate the proposed boundaries as to include only three hundred inhabitants and thereby preclude any exercise of discretion by the board of county commissioners, or *they may make it impossible to exclude all of the territory not properly includable* within the proposed city or town by designating boundaries more than twenty per cent greater than the area which is suited to this form of local government. . . ." (Italics ours.)

Under the express terms of RCW 35.02.070, the board is powerless to prevent any such possible abuses of the

[1]Ch. 277, § 2, Session Laws 1961, attempted to abolish the 1 square mile limitation with reference to the incorporation of 4th class cities. But that section of the act was vetoed by the Governor, who in his veto message states: "This Bill as amended would permit, on original incorporation proceedings, cities of the 4th class to include within the area of proposed incorporation practically unlimited territories within a county."

present municipal incorporations statutes with reference to the incorporation of fourth class cities. In the instant case, with reference to the attempt to incorporate a third class city, the order of the trial court suggests and would permit an extension of the possibility that petitioners for incorporation may manipulate boundaries in such a manner that the discretionary power conferred upon the board by RCW 35.02.070 may be circumvented. Such circumvention of the board's power should not be permitted unless that result is clearly dictated by the statutes, and we do not find such a mandate within the present statutes. Nor do we find any statutory authority for the proposition that petitioners for incorporation have a vested right to incorporate as that class city for which they have originally petitioned to be incorporated. On the contrary, the statutes provide that the incorporated city must meet the statutory requirements at the time of organization. Therefore, if the board, in exercising the discretionary authority vested in it by RCW 35.02.070, should define the boundaries of the proposed area of incorporation in such a manner that it no longer meets the requirements for incorporation of that particular class, then the area can not be incorporated as a city of that particular class.

In conclusion we hold that the board has the authority to decrease the proposed area of incorporation by 20 per cent, subject only to the population limitation of 300. Therefore, it is ordered and decreed that the provision in the peremptory writ of mandate stating, " . . . so long as the population is not reduced below 1500 inhabitants," shall be changed so as to read, "so long as the population is not reduced below 300 inhabitants."

It is ordered that the judgment as modified is hereby affirmed, and the respondent, having substantially prevailed, will be awarded costs.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.