[No. 1249-2.    Division Two.    May 6, 1975.]

LEROY MATTOX, *Appellant*, v. THE WASHINGTON STATE BOARD AGAINST DISCRIMINATION, *Respondent*.

*Robert M. Reynolds*, for appellant.

*Slade Gorton, Attorney General*, and *Maxine S. Thomas, Assistant*, for respondent.

PEARSON, J.—Leroy Mattox appeals from the superior court's dismissal of his petition to review certain actions taken by the Washington State Board Against Discrimination (now the Washington State Human Rights Commission).

Mattox filed a complaint with the board after he was refused employment with the City of Tacoma's refuse collection department on account of the City's unwritten policy not to hire persons over the age of 45 as refuse collectors. A board staff member investigated the charge and found reasonable cause to believe that an unfair practice had been committed in violation of RCW 49.60.180, which prohibits age discrimination in employment. The board took action on the complaint, which culminated in the conciliation agreement in which the City agreed to reevaluate and formalize its age requirements for refuse collectors.[1] The conciliation agreement was not satisfactory

---

[1] The board believed that it could not act more forcefully because of RCW 49.44.090, which states, in part:

[N]or shall this section be construed . . . as superseding any law fixing or authorizing the establishment of reasonable minimum or maximum age limits with respect to candidates for certain posi-

to the appellant because it provided him no remedy. At appellant's request, and pursuant to RCW 49.60.255,[2] the board heard the appellant's objections but refused to alter its decision approving the conciliation agreement. The board also refused to convene a tribunal hearing pursuant to RCW 49.60.250,[3] believing that because of the conciliation

tions in public employment which are of such a nature as to require extraordinary physical effort, or which for other reasons warrant consideration of age factors.

In WAC 162-20-030 the board interpreted this provision to deprive it of jurisdiction when it appears that a respondent public employer is acting under "a law, ordinance or valid rule fixing or authorizing the establishment of reasonable minimum or maximum age limits with respect to candidates for public employment."

The City of Tacoma had not formally adopted a law or ordinance establishing an age limit for refuse collectors. However the board apparently believed that an age limit might be reasonable, and should the City formally establish a limit, the board would lose its jurisdiction. The board therefore believed that under these circumstances, it could do little more than request the City to reevaluate its age requirements and formalize them by ordinance. The City agreed to those terms.

The board's investigator found reasonable cause to believe that the City had unlawfully discriminated against appellant Mattox, and there is evidence that the board at first agreed with the investigator's finding (although there is no written order to that effect). However, the board subsequently reversed its position. In the letter sent to Mattox (some 2 years after the investigator's finding) in which the board refused to reverse its stance on the conciliation agreement, the board stated that it was of the opinion that Mattox had not been subjected to unlawful age discrimination. This statement may have been made by the board in an effort to further justify its action with regard to the conciliation agreement.

[2]RCW 49.60.255 provides:

"If the complainant is dissatisfied with the agreement reached as provided in RCW 49.60.240, or if the finding is made as provided for in this chapter, that there is no reasonable cause for believing that an unfair practice has been or is being committed, the complainant may within thirty days of approval by the board of such agreement or from receipt of a copy of said finding file a petition for reconsideration by the board and he shall have the right to appear before the board at its next regular meeting in person or by counsel and present such facts, evidence and affidavits of witnesses as may support the complaint."

[3]RCW 49.60.250 provides that if no agreement is reached between the board and the responding party, then a three-member tribunal will be appointed by the board to hear the complaint.

agreement it lacked the jurisdiction to invoke that provision.

Mattox petitioned the Superior Court for a writ of review of the board's action, or alternatively, a writ of mandamus. In dismissing the petition, the court found that the board had done nothing improper when it failed to include the appellant's demands in the conciliation agreement, and it further held that Mattox had no right, under the statute, to a tribunal hearing. We agree with the Superior Court's ruling.

The first question raised on this appeal requires a determination as to whether there exists a right-duty relationship between the board and the party alleging discrimination (the complainant) at the time a settlement is negotiated. To make this determination, we must ascertain the board's role and function with respect to both the individual complainant and the public by examining the statutory mechanisms provided by the legislature for the elimination and prevention of discrimination.

Upon determining that certain enumerated varieties of discrimination are of vital concern to the state, the legislature enacted the laws against discrimination, codified in RCW 49.60. The Board Against Discrimination was created to eliminate those kinds of discrimination proscribed by statute. RCW 49.60.010. In order to fulfill its purpose, the board was given the authority to formulate its own policies, promulgate rules and regulations, engage in investigations and research and publish the results, and investigate and pass upon individual complaints. RCW 49.60.110-.120. The Supreme Court has interpreted these provisions as permitting the board to pursue any remedy which it deems appropriate in order to eliminate discriminatory practices. *In re Case E-368*, 65 Wn.2d 22, 395 P.2d 503 (1964).

Additionally, the legislature specifically granted the victims of discrimination the right to institute a private civil action in order to obtain relief.[4] RCW 49.60.020, RCW 49.60.030(2).

___

[4] Because this is a case involving a public employer, appellant Mattox may be barred from obtaining a court remedy because of the

■■ The board, pursuant to its authority to formulate policies, has issued the following self-assessment of its role:

A court confines its judgment to the parties before it, and it seeks to resolve the entire dispute between them in a single action. The board against discrimination was not designed to compete with the courts as a forum for the vindication of private rights; its task is to work for the public good of eliminating and preventing discrimination. If the board were obligated to dispose of every contention between a complainant and respondent arising out of the alleged discrimination, then its resources would be diverted from this central task . . . RCW 49.60.020 preserves the civil and criminal remedies of a person who has filed a complaint under the law against discrimination in order to free the board to work for the remedy best designed to eliminate and prevent discrimination.

WAC 162-08-061. We agree with the board's assessment of its task and the reasons given therefor. There is nothing in RCW 49.60 *et seq.* which would compel a contrary conclusion. RCW 49.60.240 provides that once the board has determined that there is reasonable cause to believe an unfair practice has been committed, it must attempt to eliminate the unfair practice by "conference, conciliation and persuasion." No inference can be made from the language of that statute that the board must settle a complaint on the complainant's terms. Rather, the terms of the settlement are a matter committed to the board's discretion. RCW 49.60.255, which allows the complainant to request the board to reconsider its approval of a negotiated settlement,[5] appears to grant the complainant only a very limited interest in the agreement. There are no provisions for an appeal from the board's refusal to reconsider. It should be emphasized, however, that notwithstanding the fact that a settlement has been reached between the board and the responding party,

---

nonclaims statute, RCW 35.31.020, or Tacoma ordinance No. 1.06.228, Tacoma's nonclaim ordinance. This is not, however, a question before us on this appeal, nor is it reason to except Mattox from the holding in this case.

[5] *See* note 2, *supra.*

the complainant's right to institute a private civil action in the courts is (unless waived by the complainant) fully preserved.[6]

For the reasons given above, we find that the board has no duty to satisfy the complainant when reaching a settle-

[6]We have examined several analogous federal decisions and we find the availability of a private court remedy to be a pivotal feature.

In a number of cases arising under Title 7, Equal Employment Opportunities section of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, it has been held that discrimination complainants who are not satisfied with the provisions of a consent decree or conciliation agreement reached by the Equal Employment Opportunities Commission (EEOC) may institute a private suit in federal courts. *Reed v. Arlington Hotel Co.*, 476 F.2d 721 (8th Cir. 1973), *cert. denied*, 414 U.S. 854, 38 L. Ed. 2d 103, 94 S. Ct. 153 (1973); *Cox v. United States Gypsum Co.*, 409 F. 2d 289 (7th Cir. 1969); *Williams v. New Orleans S.S. Ass'n*, 341 F. Supp. 613 (E.D. La. 1972); *Austin v. Reynolds Metals Co.*, 327 F. Supp. 1145 (E.D. Va. 1970).

In *United States v. Allegheny-Ludlum Indus., Inc.*, 63 F.R.D. 1 (N.D. Ala. 1974) the individual employees claiming to be the victims of discrimination intervened in an action brought by several federal agencies (including the EEOC) against 10 defendants. The government had entered into a consent decree with the defendants which the intervenors found inadequate. The court held that the federal agencies had not renounced their statutory duties when they signed the consent decree even though the decree itself might impede or impair the interests of the private litigants. The court emphasized that the consent decree did not bind the private litigants who were free to institute a private civil action to redress their grievances.

Cases involving unfair labor practice complaints under the National Labor Relations Act (NLRA), 29 U.S.C. § 158, are distinguishable on this basis. In *Leeds & Northrup Co. v. NLRB*, 357 F. 2d 527 (3d Cir. 1966) it was held that a complainant has an interest in, and is therefore entitled to a hearing on the National Labor Relations Board's (NLRB) proposed settlement with the union, so as to establish a record upon which review of the settlement could be based. *Accord, Concrete Materials of Georgia, Inc. v. NLRB*, 440 F. 2d 61 (5th Cir. 1971). These decisions are distinguishable because in the usual case the NLRB complainant has no independent recourse to the federal courts. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 459 (1938); C. Morris, *The Developing Labor Law*, 785 (1971); 51 C.J.S. *Labor Relations* § 25 (1967); 51A C.J.S. *Labor Relations* §§ 525, 532 (1967). Thus there is a strong policy reason for finding that the complainant has an enforceable interest in NLRB-procured settlements, and for holding that the NLRB should consider that interest when it negotiates a settlement.

ment; the matter is one which rests solely within that agency's discretion. Moreover, the exercise of that discretion in this case is not a proper subject for judicial review or a remedy by mandamus.

As we noted above, no provision has been made in RCW 49.60 for a review of the board's action.[7] Nor is the administrative procedure act, RCW 34.04, applicable, as the action on the part of the board in this case was not a "proceeding" within the meaning of RCW 34.04.010(3). Statutory certiorari is likewise unavailable to the appellant because the board did not act in any judicial capacity. RCW 7.16.020. Nor is this a proper case for a court to invoke its inherent constitutional power to review allegedly arbitrary and capricious actions taken by an administrative agency acting in a nonjudicial capacity, because no fundamental or procedural rights of appellant Mattox were violated. *State ex rel. Hood v. Personnel Board*, 82 Wn.2d 396, 511 P.2d 52 (1973); *State ex rel. DuPont-Fort Lewis School Dist. 7 v. Bruno*, 62 Wn.2d 790, 384 P.2d 608 (1963); *Tacoma v. Civil Serv. Bd.*, 10 Wn. App. 249, 518 P.2d 249 (1973).

A writ of mandamus may not be used to interfere with the purely discretionary activity of an administrative body unless it appears that the agency's action was so arbitrary and capricious as to amount to a total failure to exercise discretion. *State ex rel. Klappsa v. Enumclaw*, 73 Wn.2d 451, 439 P.2d 246 (1968); *State ex rel. Tubbs v. Spokane*, 53 Wn.2d 35, 330 P.2d 718 (1958); *Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955); *Miller v. Pacific County*, 9 Wn. App. 177, 509 P.2d 377 (1973). Clearly the board in this case did exercise its discretion as evidenced by the fact that it successfully negotiated a conciliation agreement with the City of Tacoma. Moreover, the board has offered its reasons for agreeing to the terms of the settlement,[8] and that explanation sufficiently refutes any

---

[7] The only review provisions contained in RCW 49.60 are found in RCW 49.60.020 and RCW 49.60.270, which allow for the review of hearing tribunal decisions.

[8] *See* note 1, *supra*.

implication of arbitrary and capricious conduct amounting to a failure to exercise discretion.

In conclusion, the terms of a settlement reached by the board in this case are not a matter which can be reviewed or remedied by the courts.[9]

The second question which must be decided here is whether Mattox should have been accorded a hearing before a tribunal appointed by the board, as provided in RCW 49.60.250. Mattox argues that he has a right to a hearing because the terms of the conciliation agreement were (in his view) inadequate. The board contends that the negotiation of the conciliation agreement precluded the application of that section. We agree with the board's position.

After a complaint has been received by the board, it must investigate the charge and determine whether there is reasonable cause to believe that an unfair practice has been committed. If an affirmative finding is made, the board shall "endeavor to eliminate the unfair practice by conference, conciliation and persuasion." RCW 49.60.240. RCW 49.60.250 then provides, in part:

> In case of *failure* to reach an agreement for the elimination of such unfair practice, and upon the entry of findings to that effect, the entire file, including the complaint and any and all findings made, shall be certified to the chairman of the board. The chairman of the board shall thereupon appoint a hearing tribunal of three persons, . . . to hear the complaint . . .

(Italics ours.) Conversely stated, a tribunal hearing cannot be called when an agreement has in fact been reached to

---

[9]We are aware that many commentators have called for the greater reviewability of discretionary activity of administrative bodies. *See, e.g.,* K. Davis, *Discretionary Justice* (1969); 1 K. Davis, *Administrative Law Treatise* § 4.07 (1958); 4 K. Davis, *Administrative Law Treatise* § 28.16 (1958); M. Herb, *Can We Check the Growing Power of Administrative Agencies?*, Washington State Bar News, Vol. 29, No. 2 (February, 1975); A. Sofaer, *Judicial Control of Informal Discretionary Adjudication and Enforcement,* 72 Colum. L. Rev. 1293 (1972). Nevertheless, we do not believe judicial review is appropriate when statutory authority is unavailable, the petitioning party has not been deprived of any rights and, in addition, there is a private civil remedy available.

eliminate the unfair practice. To hold otherwise would force the board, in every case, to either settle the complaint on terms dictated by the charging party, or convene a tribunal to hear the complaint. The former alternative would be impossible in many cases, and the latter would severely tax the limited resources of the board. We do not believe that the legislature intended to impose such an enormous burden upon the board. At the risk of belaboring the point, we again point out that a complainant may pursue his remedy in the courts, and that the legislature intended for him to take such action if dissatisfied with the administrative process.

Affirmed.

PETRIE, A.C.J., and RUMMEL, J. Pro Tem., concur.