[No. 6286-4-III. Division Three. December 5, 1985.]

CURTIS FALLON, ET AL, *Appellants,* v. THE CITY OF LEAVENWORTH, ET AL, *Respondents.*

*Stephen R. Crossland,* for appellants.

*Terrence M. McCauley,* for respondents.

McINTURFF, A.C.J.—This appeal concerns the denial of Curtis and Lenora Fallon's application for a building permit in Leavenworth, Washington. The Fallons contend (1) the court erred in concluding Leavenworth City Ordinance 720[1] restricted fence height to 42 inches; and (2) the ordinance is invalid as applied to their fence. We affirm.

The parties stipulated to a narrative report of proceedings, which can be summarized as follows: On April 26, 1983, the Fallons applied for a building permit to construct a 6-foot-high fence in their yard. The city clerk denied this request, finding the proposed fence would violate City Ordinance 720, which purportedly incorporated ordinance

---

[1]Ordinance 720 added a new code section by creating a multi-family residential district. Prior to building in this district, the developer is required to submit and obtain the approval of a site plan complying with regulations and standards established in the ordinance. Included in this ordinance are standards for building height, lot size, yard requirements and landscaping. Ordinance 551 also was "ratified and confirmed." Ordinance 720, § 6.

551.[2] The Fallons' request for a variance also was denied by the Leavenworth Board of Adjustment June 15, 1983. Nevertheless, the Fallons began constructing the unapproved fence and then commenced this action for a writ of mandamus compelling the City to issue the permit. It was their contention ordinance 720 supplanted the 42–inch fence height restriction found in ordinance 551.

On July 11, 1983, the Superior Court heard argument on this matter. That evening the City passed ordinance 727,[3] designed to clarify the original intent of ordinance 720. On September 9, the Superior Court determined ordinance 720 was not intended to repeal fence height restrictions found in ordinance 551, and denied the Fallons' request. The court also issued an order requiring the Fallons to remove the fence.

The fundamental question is whether the Fallons exhausted their administrative remedies. In its answer to the complaint and on appeal, the City contends the Fallons did not exhaust their administrative remedies because they failed to appeal the denial of the variance. We agree.

The doctrine of exhaustion of remedies is well founded in Washington. "In general, an agency action cannot be challenged on review until all rights of administrative appeal have been exhausted." *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd.*, 97 Wn.2d 922, 928, 652 P.2d 1356 (1982); *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984). In *State v. Tacoma–Pierce Cy. Multiple Listing Serv.*, 95 Wn.2d 280, 284, 622 P.2d 1190 (1980), the court articulated the test for imposition of the doctrine:

---

[2]Ordinance 551 establishes the minimum requirements for buildings, including a 42–inch height restriction on all front yard fences. Ordinance 551 also provides that whenever contradicted by another ordinance, "the most restrictive or that imposing the higher standards, shall govern."

[3]Ordinance 727 was designed "to clarify the original intent of . . . Ordinance 720" by expressly linking ordinance 551 regulations with ordinance 720.

[A]dministrative remedies must be exhausted before the courts will intervene: (1) "when a claim is cognizable in the first instance by an agency alone"; (2) when the agency's authority "'establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties"; and (3) when the "relief sought . . . can be obtained by resort to an exclusive or adequate administrative remedy".

(quoting *Retail Store Employees Local 1001 v. Washington Surveying & Rating Bur.*, 87 Wn.2d 887, 906–07, 909, 558 P.2d 215 (1976)); *South Hollywood Hills Citizens Ass'n*, at 73.

The doctrine is founded upon the tenet that the judiciary should give proper deference to that agency having expertise in areas outside the usual judicial experience. *South Hollywood Hills Citizens Ass'n*, at 73. Washington recognizes exceptions to the exhaustion requirement in circumstances where these policies are outweighed by consideration of fairness or practicality. *See, e.g., Zylstra v. Piva*, 85 Wn.2d 743, 539 P.2d 823 (1975) (exhaustion not required where appeal would be futile); *Ackerley Communications, Inc. v. Seattle*, 92 Wn.2d 905, 602 P.2d 1177 (1979), *cert. denied*, 449 U.S. 804, 66 L. Ed. 2d 7, 101 S. Ct. 49 (1980) (exhaustion waived where constitutionality of agency action involved); *Gardner v. Pierce Cy. Bd. of Comm'rs*, 27 Wn. App. 241, 243–44, 617 P.2d 743 (1980) (aggrieved party lacked notice of initial administrative decision or did not have opportunity to exercise administrative review).

The Fallons contend they should not be barred from seeking judicial review because the city clerk's refusal to issue the building permit was a "final decision" and no further administrative remedy was available to appeal that decision.

While unclear from the briefs and record, it is apparent the Fallons have a single–family residence located in the multi–family district. Consequently, the administrative review section in ordinance 551 is appropriate. Ordinance 551, § 41.100 reads:

> It is the intent of this ordinance that all questions of interpretation and enforcement shall be first presented to the administrative official and that such questions shall be presented to the Board of Adjustment only on appeal from the decision of the administrative official, and that recourse from the decisions of the Board of Adjustment shall be to the appropriate court of law within 10 days.

Here, the city clerk/treasurer denied the Fallons' request for the building permit, concluding ordinance 551 restricted front yard fence height in all residential zones. Rather than appeal the city clerk's interpretation and application of this ordinance to the Board of Adjustment pursuant to section 41, the Fallons merely sought a variance in light of this administrative interpretation. Indeed, in a signed petition submitted to the Board of Adjustment at their variance hearing, the Fallons were aware of and did not challenge the city clerk's interpretation of this ordinance. When the variance was denied, the Fallons then brought this action in mandamus to compel the issuance of the building permit.

We hold the Fallons failed to pursue appropriate administrative procedures. The city ordinance established their right to appeal to the Board of Adjustment following the city clerk's denial of their request for a building permit. Not only did the Fallons fail to exercise this right, but they deliberately violated the agency decision by building the fence. Additionally, their commencement of this action for writ of mandamus prematurely interrupts the administrative process and frustrates the exercise of agency expertise in the area. *See McKart v. United States*, 395 U.S. 185, 193, 23 L. Ed. 2d 194, 89 S. Ct. 1657 (1969). This court is an inappropriate forum for this case because the Fallons failed to first exhaust their administrative remedies, *i.e.*, they did not appeal the city clerk's determination refusing the building permit to the Board of Adjustment.[4] Accordingly,

---

[4]The Fallons also contend the exhaustion of remedies doctrine does not apply to cases involving special writs, citing *State ex rel. Klappsa v. Enumclaw*, 73 Wn.2d 451, 439 P.2d 246 (1968). There, a writ of mandamus was sought to compel the City of Enumclaw to issue a building permit. It is unclear from that case whether administrative remedies were exhausted. Here, however, the Fallons

we need not address the Fallons' other contentions.

The order denying the writ is affirmed.

MUNSON and THOMPSON, JJ., concur.

After modification, further reconsideration denied February 6, 1986.

Review denied by Supreme Court May 6, 1986.

failed to exhaust their administrative remedies in a timely fashion. That is, they failed to file a notice of appeal with the city clerk within 10 days of the board decision. One's loss of remedy through failure to timely file a petition for review does not render that remedy inadequate, nor give rise to a right to extraordinary writs. *Bock v. Board of Pilotage Comm'rs,* 91 Wn.2d 94, 98, 586 P.2d 1173 (1978). The writ would be inappropriate for the circumstances here provided.