[No. 353-3. Division Three. January 5, 1972.]

DUKE F. WILLIAMS *et al., Respondents,* v. WESTERN SURETY Co., *Respondent,* POWER LOAN Co., *Appellant.*

SHERWOOD & ROBERTS—SPOKANE, *Respondent,* v. DUKE F. WILLIAMS *et al., Respondents.*

*Bernard J. Gallagher,* for appellant.

*William D. Symmes* (of *Witherspoon, Kelley, Davenport & Toole*), for respondents.

EVANS, J.—In 1968 Mr. and Mrs. Duke Williams purchased a Crestline motor home from Ballou-Curtiss Motor Homes. They financed the purchase through a loan extended them by Sherwood & Roberts, Inc., who took a security agreement as collateral for the loan. At the time of purchase physical title to the mobile home was held by Power Loan Company, which had sold the mobile home to Ballou-Curtiss on consignment, pursuant to a flooring agreement between Power Loan and Ballou-Curtiss. When Ballou-Curtiss did not pay Power Loan for the mobile home sold to Mr. and Mrs. Williams, Power Loan refused to

deliver title to the Williamses. Later, Power Loan repossessed the mobile home from the Williamses to protect what it claimed to be a security interest in the trailer, whereupon the Williamses refused to make payments on its loan with Sherwood & Roberts.

This state of affairs resulted in the following proceedings: Mr. and Mrs. Williams brought action against Western Surety Company to recover the purchase price of the mobile home. This action was based upon the statutory motor vehicle dealer's license bond furnished by Western Surety Company for Ballou-Curtiss. Thereafter, Western Surety brought a third-party complaint against Power Loan, alleging Power Loan had wrongfully converted the mobile home. In the meantime, Sherwood & Roberts brought a separate action against the Williamses, seeking to attach any recovery realized by them in their action against Western Surety.

The two cases were consolidated for trial. At the conclusion of trial the court, in the case of Williams v. Western Surety, entered judgment for plaintiff Williams. In the case of Sherwood & Roberts v. Williams the court entered judgment for Sherwood & Roberts. No appeal is taken from these judgments. In the third-party action of Western Surety v. Power Loan the trial court entered judgment for Western Surety, and Power Loan appeals.

The first question presented by the numerous assigned errors is whether the conduct of Power Loan, in repossessing the mobile home, constitutes conversion in violation of the rights of Williams under RCW 62A.2-403(2) and RCW 62A.9-307(1); and if so, did this conduct entitle Western Surety to indemnity from Power Loan for the amount of the judgment the Williamses obtained against Western Surety. We answer in the affirmative.

■ When Power Loan, through its president, went to the trailer park where the mobile home was situated, displayed to the Williamses the certificate of title and bill of sale, asserted ownership of the mobile home and later repossessed the trailer under color of title and claim of right,

its actions were contrary to RCW 62A.2-403(2) which provides:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entrustor to a buyer in ordinary course of business.

Power Loan "entrusted" the mobile home to Ballou-Curtiss by delivering it to them and acquiescing in its retention by them within the scope of the definition of the term in RCW 62A.2-403(3).[1] Ballou-Curtiss dealt in the business of selling mobile homes and trailers and held itself out to the public as having skill and knowledge of the mobile home business, and as such was a "merchant" as defined in RCW 62A.2-104(1).[2] Finally, the Williamses were "buyers in ordinary course of business" as that term is defined in RCW 62A.1-201(9).[3] Thus, by virtue of RCW 62A.2-403(2), when Ballou-Curtiss sold and transferred the mobile home to Williams, they did so free and clear of any security interest of Power Loan. Williamses were entitled to receive the certificate of title to the home from Power Loan, and Power Loan's refusal to deliver title, and later, repossession of the mobile home, constituted conversion. See "Official

---

[1]RCW 62A.2-403(3) provides: " 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law."

[2]RCW 62A.2-104(1) provides: " 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

[3]RCW 62A.1-201(9) provides: " 'Buyer in ordinary course of business' means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker."

Comments on Uniform Commercial Code" to UCC § 2-403(2).

The second question presented by the remaining assigned errors is whether the refusal of Ballou-Curtiss to pay Power Loan for the mobile home following its sale to the Williamses, entitles Power Loan to recover its loss from Western Surety under the statutory motor vehicle dealer license bond furnished by Western Surety. We answer in the negative. RCW 46.70.070 sets forth the terms and conditions of recovery under a motor vehicle dealer license bond. It provides:

> Before issuing a dealer license, the director shall require the applicant to file with said director a surety bond in the amount of ten thousand dollars for a motor vehicle dealer running to the state, and executed by a surety company authorized to do business in the state. Such bond shall be approved by the attorney general as to form and conditioned that the dealer shall conduct his business in conformity with the provisions of this chapter. *Any retail purchaser* who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond. Successive recoveries against said bond shall be permitted but the aggregate liability of the surety to all persons shall in no event exceed the amount of the bond. Upon exhaustion of the penalty of said bond or cancellation of the bond by the surety the director shall revoke the license of the dealer.

(Italics ours.)

This statute specifically limits recovery on such a bond to "any retail purchaser." *See Home Indem. Co. v. McClellan Motors, Inc.*, 77 Wn.2d 1, 459 P.2d 389 (1969). Since Power Loan was not a retail purchaser of the mobile home it is not entitled to recovery against the bond of Western Surety.

Power Loan contends, however, that its right to recover from Western Surety is not controlled by those provisions of RCW 46.70.070 limiting recovery to "any retail pur-

chaser", but rather, by the conditions of the bond itself. The bond, written January 8, 1968 is on an antiquated form supplied by the State of Washington, and contained the following provisions:

> THE CONDITION OF THE ABOVE OBLIGATION IS SUCH That, whereas, the above bounden principal has or is about to obtain a license to engage in or continue in the business of motor vehicle dealer, in accordance with the provisions of Chapter 150, Session Laws of 1951 as amended by Chapter 166, Laws of 1959, and is required pursuant to the provisions of said law to furnish a bond in the penal sum of TEN THOUSAND DOLLARS ($10,000.00), conditioned as required by said law;
>
> *Now, Therefore,* If the above bounden principal shall faithfully perform as such motor vehicle dealer all obligations injoined upon (him) (it) by Chapter 150, Session Laws of 1951, as amended by Chapter 166, Laws of 1959, then the above obligation shall be null and void; otherwise to remain in full force and effect.

Chapter 150, section 8, Laws of 1951, as amended by chapter 166, section 19, Laws of 1959, provided that "[a]*ny person* who shall have suffered any loss or damage . . . . shall have the right to institute an action for recovery against . . . the surety . . .". In 1961 the legislature substituted "any retail purchaser" for "any person" (chapter 239, section 1, Laws of 1961). While the statute has been amended since 1961, the limitation of recovery to "any retail purchaser" remains unchanged.

 This contention of Power Loan was not advanced at trial but is made for the first time on appeal. In answer to the complaint of Western Surety, Power Loan made what amounted to a general denial and sought only dismissal of plaintiff's complaint. There was neither affirmative defense nor cross complaint. Rule 8 of the Superior Court Rules provides that a cross claim shall contain a short and plain statement of the claim, showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled. Although inexpert pleading has been allowed under the civil rules, insufficient pleading has not. A pleading is insufficient when it does not

give the opposing party fair notice of what the claim is and the ground upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In the instant case there was no affirmative pleading of Power Loan, no trial amendment, and no notice of a claim for recovery on the bond. Not having raised the issue of its right to recover from Western Surety under the bond, Power Loan is not entitled to rely on that issue for reversal of the judgment appealed from. *Washington Osteopathic Med. Ass'n v. King County Med. Serv. Corp.,* 78 Wn.2d 577, 478 P.2d 228 (1970).

In any event, we find no merit to the contention of Power Loan that it is entitled to recover under the language of "any person" contained in chapter 150, Laws of 1951, as amended by chapter 166, Laws of 1959. The language of the bond in question, when considered as a whole, shows a clear intent of Western Surety to be bound by the provisions of chapter 150, Laws of 1951, *as amended.* That statute was amended in 1961 and is presently codified as RCW 46.70.070. To accept the contention of Power Loan would render meaningless the first paragraph of the bond, above quoted, which also refers to chapter 150, Laws of 1951, as amended by chapter 166, Laws of 1959.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied February 16, 1972.

Review denied by Supreme Court April 24, 1972.