[No. 1001-2.    Division Two.    December 19, 1973.]

THE CITY OF TACOMA, *Respondent*, v. THE CIVIL SERVICE BOARD OF TACOMA, *Respondent*, VICTOR W. KOWALSKI, *Appellant*.

Gene Godderis (of Healy & Godderis), for appellant.

Robert R. Hamilton, City Attorney, F. H. Chapin, Jr., and John R. Kramer, for respondent.

PETRIE, J.—In a prior opinion of this court involving the same parties hereto (Tacoma v. Civil Serv. Bd., 6 Wn. App. 600, 494 P.2d 1380 (1972)), we decided that the Civil Service Board of Tacoma did not have jurisdiction to entertain an appeal by an employee of the City of Tacoma who alleged that he had been arbitrarily demoted to his former position during a period of probationary service in a position of higher rank. After remittitur, the employee, Officer Kowalski, attempted by motion to invoke the inherent jurisdiction of the superior court to resolve the issues which had been submitted originally to the Civil Service Board. The court denied Officer Kowalski's motion. This appeal followed.

The superior courts of this state possess constitutionally granted and inherent power to review illegal or manifestly arbitrary and capricious nonjudicial administrative acts of public officials or agencies which are violative of fundamental rights. State ex rel. DuPont-Fort Lewis School Dist. 7 v. Bruno, 62 Wn.2d 790, 384 P.2d 608 (1963). The issue presented by this appeal resolves, therefore, into a question of whether or not any fundamental right of a public employee has been violated when he is employed under a civil service system and, after having been promoted and temporarily placed in a position of higher rank for a probationary period, he is returned during that probationary period to his permanent classification without having been notified of any specific reason therefor.

To posit the question in that manner is to answer it. The fundamental right of a public employee under a civil service structure is enforcement, by judicial decree, if necessary, of those portions of the civil service act applicable

to him in any given factual circumstance. We find no provision of Tacoma's Civil Service Ordinance or Board Rules implementing the ordinance, nor has any been directed to us, which requires the head of a department, when notifying an employee that he is being returned to a position in his former classification during his probationary period, to also notify the employee of any reasons for such action. Accordingly, the action of Officer Kowalski's department head did not violate any fundamental right to which Officer Kowalski was entitled.

The superior court had no jurisdiction to review the action taken by the officials of the City of Tacoma in this matter. Judgment is therefore affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.