[No. 48883-5. En Banc. February 3, 1983.]

PIERCE COUNTY SHERIFF, *Respondent,* v. CIVIL SERVICE COMMISSION FOR SHERIFF'S EMPLOYEES OF PIERCE COUNTY, ET AL, *Appellants.*

*Terrence F. McCarthy* (of *McCarthy, Holum, Golob & Causseaux*), for appellant Civil Service Commission.

*Healy, Healy & Murdach,* by *David W. Murdach,* for appellant Burden.

*Don Herron, Prosecuting Attorney,* and *Joseph F. Quinn, Deputy,* for respondent.

UTTER, J.—Petitioner George Burden, a sergeant in the Pierce County Sheriff's Department, appeals a trial court decision reversing as arbitrary and capricious his reinstatement by the Pierce County Civil Service Commission (Commission). We reverse and reinstate the Commission's reinstatement of Burden.

Burden was terminated for misconduct on January 8, 1979. Specifically, he was charged with recommending bail bondsmen to several inmates in the Pierce County Jail, in violation of jail regulations. Burden appealed his termination to the Commission which held a hearing as required by statute.

At the conclusion of the hearing, the Commission found that the charges against Burden had not been proven and so ordered him reinstated. The Commission also concluded, however, that Burden's close association with Ron Williams, the owner of a bail bond company serving the jail, demonstrated poor judgment and ruled that this justified a 30–day suspension. The Sheriff sought a writ of review in the Superior Court and the court reversed the Commission's decision on the ground that it had applied the wrong burden of proof standard.

On remand, the Commission heard oral argument without taking any additional evidence and adhered to its previous decision. Unlike the original hearing, this second proceeding was not recorded. The Sheriff again sought review, this time claiming error in two respects—that the Commission had failed to prepare a verbatim record of the second proceeding and that its decision was arbitrary and capricious. The court ruled that the record was sufficient, but did reverse as arbitrary and capricious the Commission's finding that misconduct had not been shown. It then remanded the case for imposition of appropriate discipline. From this decision Burden now appeals on several grounds and the Sheriff cross–appeals the Superior Court's ruling that a verbatim record of the second proceeding was unnecessary.

## I

Initially, Burden argues, as he did below, that the Sheriff has no right to appeal from an adverse civil service commission decision. If this argument is correct, then the lower court should never even have reached the issue of whether the Commission's decision was arbitrary and capricious.

There are three potential avenues of appeal from the decision of an administrative agency. First, a specific statute may authorize appeal. For example, RCW 41.14.120 specifically permits an *employee* to appeal an adverse civil service commission decision. Second, any party may obtain review by a statutory writ of certiorari if the agency is "exercising judicial functions". RCW 7.16.040. Finally, the courts have inherent constitutional power to review "illegal or manifestly arbitrary and capricious action violative of fundamental rights". *State ex rel. DuPont–Fort Lewis Sch. Dist. 7 v. Bruno,* 62 Wn.2d 790, 794, 384 P.2d 608 (1963).

The Sheriff concedes that he has no statutory right of appeal under either RCW 41.14.120, which speaks solely of appeal by an employee, or RCW 7.16.040. Indeed, *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 511 P.2d 52 (1973) is almost squarely on point. In that case, the court held that neither former RCW 41.06.200,[1] an appeal provision comparable to RCW 41.14.120, nor RCW 7.16.040 permitted an employer agency to appeal a decision of the State Personnel Board. *Hood,* at 399–401.

The Sheriff does contend that review was proper here under the courts' inherent power of review. While some of our prior cases have indicated that this inherent power may be invoked to review arbitrary and capricious administrative action only when certain fundamental rights are violated (*see, e.g., Hood,* at 402), we recently made clear that this does not limit the situations in which arbitrary and capricious action may be reviewed. The right to be free from such action is itself a fundamental right and hence

---

[1]*See* Laws of 1969, 1st Ex. Sess., ch. 36, § 25. This provision was repealed by Laws of 1981, ch. 311, § 21.

*any* arbitrary and capricious action is subject to review. *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221–22, 643 P.2d 426 (1982).

Under this standard, the courts always have inherent power to review agency action to the extent of assuring that it is not arbitrary and capricious. The Sheriff thus had a right to take the appeal which is challenged in the present case. The Superior Court also had jurisdiction on the Sheriff's first appeal to review the propriety of the standard of proof applied by the Commission. The courts' inherent power of review extends to administrative action which is contrary to law as well as that which is arbitrary and capricious. *Williams,* at 221. An agency's violation of the rules which govern its exercise of discretion is certainly contrary to law and, just as the right to be free from arbitrary and capricious action, the right to have the agency abide by the rules to which it is subject is also fundamental. *Leonard v. Civil Serv. Comm'n,* 25 Wn. App. 699, 701–02, 611 P.2d 1290 (1980); *Wilson v. Nord,* 23 Wn. App. 366, 373, 597 P.2d 914 (1979), cited with approval in *Williams,* at 222; *Tacoma v. Civil Serv. Bd.,* 10 Wn. App. 249, 250–51, 518 P.2d 249 (1973). The courts thus have inherent power to review agency action to assure its compliance with applicable rules.[2]

█ Burden also properly questions the procedure by which the Superior Court allowed the Sheriff to take his second appeal. The Sheriff was allowed to simply amend his original motion for writ of review rather than requiring him to make a second motion. While the usual civil rules of pleading apply to writs of review in superior court, (*Sterling v. County of Spokane,* 31 Wn. App. 467, 471, 642 P.2d 1255 (1982)) and CR 15 permits liberal amendment of

---

[2]In *Hood,* we held that an agency's application of the wrong burden of proof did not provide a basis for invoking our inherent power of review. *Hood,* at 402–03. As noted above, however, we disapproved in *Williams* of *Hood*'s analysis when arbitrary and capricious administrative action is subject to review. We further disapprove here of its analysis regarding those instances in which agency action contrary to law warrants review.

pleadings, such amendments can be made only so long as the superior court retains jurisdiction. In the instant case, the court had already decided the issues presented by the Sheriff's writ of review and remanded to the Commission. Just as an appellate court loses jurisdiction upon remand to the trial court (*Reeploeg v. Jensen,* 81 Wn.2d 541, 546, 503 P.2d 99 (1972), *cert. denied,* 414 U.S. 839 (1973)), a superior court reviewing action of an administrative agency loses jurisdiction upon remand to the agency. Permitting amendment in the present case was therefore error.

Nonetheless, dismissal of the Sheriff's appeal is not the proper remedy here. In light of the fact that the central purpose of our pleading rules is to provide adequate notice (*see Williams v. Western Sur. Co.,* 6 Wn. App. 300, 304–05, 492 P.2d 596 (1972)), error such as that made here justifies reversal only upon a showing of prejudice. In the present case there is no evidence that Burden has been prejudiced in any way by this procedural irregularity. The motion to amend the original writ of review provided the same notice of the Sheriff's claims as would have been provided by an independent motion for a second writ and the Sheriff appears to have acted in a timely fashion.

## II

█ Judging whether the Commission's decision was arbitrary and capricious requires an evaluation of the evidence produced at the hearing. The scope of court review should be very narrow, however, and one who seeks to demonstrate that action is arbitrary and capricious must carry a heavy burden.

> Arbitrary and capricious action has been defined as willful and unreasoning action, without consideration and in disregard of facts and circumstances. Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached.

(Citations omitted.) *State v. Rowe,* 93 Wn.2d 277, 284, 609 P.2d 1348 (1980).

The evidence produced at the hearing varied. Initially,

the Sheriff presented circumstantial evidence that Burden had funneled bail bond business to Carbone Bail Bonds, the company owned by Ron Williams. Burden countered this circumstantial evidence by producing several witnesses who had worked with him and who testified that they had never observed any improprieties. He also generally denied having favored any bail bond company or having recommended any particular company to any inmate.

The critical evidence focused on three particular instances of favoritism involving three separate arrestees. In two of these instances, the arrestees, whose testimony was necessary to establish the misconduct, were affected by alcohol or drugs. We cannot label the Commission's apparent refusal to believe their testimony as so unreasoning and indefensible as to be arbitrary and capricious.

Neither can we say that the Commission acted arbitrarily and capriciously in failing to find misconduct in the third instance alleged. Though the arrestee in question, Anthony Purvis, did testify that he did not choose the bondsman who bailed him out, he could not identify the officer who had called the bondsman nor could he recall the bondsman's name. This latter information had to be supplied by one of Burden's coworkers, Walter Copeland, who testified that Burden made the call and Carbone Bail Bonds was the company which bailed Purvis out. Copeland was forced to concede, however, that the jail was quite busy that night. Again we cannot label the Commission's refusal to credit this testimony as arbitrary and capricious. Even were we to do so, this testimony must be considered in light of Burden's practice of at times randomly selecting a bondsman for an arrestee who was unable or unwilling to choose a bondsman himself. This practice, while perhaps inadvisable, does not seem to us to constitute a recommendation or favoritism, which was the only misconduct with which Burden was charged.

Despite its finding that the charges of misconduct against Burden were not proven, the Commission did impose some discipline. The Sheriff suggests that this is internally

inconsistent and that such inconsistency is a further indication that the Commission's action was arbitrary and capricious. A careful review of the Commission's decision, however, reveals that the suspension it imposed was based on the appearance of impropriety resulting from his close association with the owner of a bail bond company which served the jail. Even if, as the Sheriff claims, such imposition of discipline by the Commission for reasons not given by the employer is outside its authority, the Sheriff is not the party with standing to object. Moreover, the proper remedy, if any, would be to vacate the Commission's suspension of Burden, not its reinstatement. We doubt that this is the relief which the Sheriff seeks.

## III

In *Barrie v. Kitsap Cy.*, 84 Wn.2d 579, 527 P.2d 1377 (1974), we held that any quasi–judicial decision for which a verbatim record of proceedings was not available must be reversed and remanded for new proceedings.[3] The Sheriff argues that *Barrie* requires reversal of the Commission's decision here (and presumably remand for new proceedings) because of the absence of a verbatim record of counsel's argument at the second hearing.

This argument has little merit. While *Barrie* does not expressly exempt any part of the proceedings from the record requirement, its rationale does. The sole reason for requiring a record is to provide the appellate court with a factual record within which to set its decision. *See Barrie*, at 587 ("[t]he very purpose for requiring a record is to provide an adequate *factual* accounting which will enable a reviewing court to resolve the issues before it in a given case" (italics ours)); *Loveless v. Yantis*, 82 Wn.2d 754, 763,

---

[3]The question of whether a decision is "quasi–judicial" under *Barrie* is to be distinguished from the question of whether the agency is "exercising judicial functions" under RCW 7.16.040, the statutory writ of certiorari provision. Despite the similar language, the standards are entirely unrelated. *Compare State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 400, 511 P.2d 52 (1973) and cases cited therein *with Fleming v. Tacoma*, 81 Wn.2d 292, 295–99, 502 P.2d 327 (1972), cited in *Barrie*, at 586.

513 P.2d 1023 (1973) (judicial review not possible "'unless all the essential *evidentiary* material . . . is in the record'" (italics ours)). Absent some allegation of error or misconduct to which the nonevidentiary portions of the proceedings are pertinent and for which some supporting evidence can be produced, the verbatim record requirement applies only to the factual aspects of the proceedings. *Cf. Abbenhaus v. Yakima,* 89 Wn.2d 855, 861, 576 P.2d 888 (1978) (minutes of assessment proceeding were sufficient where "there is no complaint leveled at any substantive aspect of the record").

In the present case, there is no such allegation of error or misconduct. While the Sheriff claims that Burden's counsel suggested at the second hearing that the Commission simply rewrite the original order and substitute the proper standard of proof, there has been no claim that a verbatim record would show that the Commission followed this suggestion. Neither is any other valid reason given as to why a verbatim record is necessary.

The Superior Court properly considered the Sheriff's appeals, but erred in ruling the Commission's decision arbitrary and capricious. Its ruling that the record was sufficient for review was correct and so the Commission's decision may be reinstated without requiring a new hearing.

The judgment of the Superior Court is reversed. Petitioner George Burden shall be reinstated as ordered by the Pierce County Civil Service Commission.

WILLIAMS, C.J., STAFFORD, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.