970 P.2d 752 (1998)
93 Wash.App. 509
CITY OF FEDERAL WAY, a municipal corporation, Respondent,
v.
PUBLIC EMPLOYMENT RELATIONS COMMISSION; Washington State Council of County and City Employees Council 2 AFSCME AFL-CIO; and Matthew Bodhaine, Appellants.
No. 40148-3-I.
Court of Appeals of Washington, Division 1.
October 19, 1998.
Publication Ordered and Amended January 19, 1999.
*753 Audrey B. Eide, Everett, David M. Kanigel, Seattle, for Appellants.
Spencer W. Daniels, Attorney Generals Office, Olympia, for Appellants Public Employment Relations Commissioner.
Valerie Leita Hughes, Perkins Coie, Seattle, for Respondent.
ELLINGTON, J.
Matthew Bodhaine was a building inspector/plans examiner for the City of Federal Way from 1990 until he was laid off in 1993. He contends the City's layoffs were a pretext for retaliation against him because he was involved in promoting union representation, and that he was selected for layoff in substantial part because of his union activity. The City contends the layoffs were legitimate and Bodhaine was selected because of various performance deficiencies unrelated to his union activity. The procedural history of this matter is complex, but the question is ultimately factual: did the evidence presented to the hearing examiner support the findings of the Public Employment Relations Commission ("PERC" or "the Commission") that the layoffs were a pretext and Mr. Bodhaine was laid off because of union activity? We agree with the Superior Court's conclusion that the evidence does not support PERC's determinations, and affirm the reversal of PERC's decision.

Standard of Review
We review an appeal from a PERC decision under the Administrative Procedure Act, which provides for relief from an agency order that is unsupported by substantial evidence or is arbitrary and capricious.[1] We apply these standards directly to the record before the agency.[2]
Because the Commission is entitled to substitute its findings for those of the hearing examiner, it is the Commission's findings that are relevant here.[3] We review challenges to the factual findings for substantial evidence in light of the whole record, i.e., evidence sufficient to persuade a fair-minded person of their truth.[4]

Legal Standard for Unfair Labor Practice Claims
It is an unfair labor practice to interfere with or discriminate against employees exercising their rights to organize.[5] Until recently, PERC applied the "Wright Line" test to claims of retaliation under this provision. The Wright Line test was originally *754 adopted by the National Labor Relations Board[6] and was thereafter accepted by the U.S. Supreme Court[7] and adopted in Washington.[8] Under the Wright Line test, a complainant must prove that retaliation for an employee's protected conduct was a substantial or motivating factor in the employer's adverse action. If the complainant so proves, the complainant prevails, unless the employer proves as an affirmative defense that it would have taken the same action had the protected activity not taken place.
PERC has recently abandoned the Wright Line test[9] in favor of the "substantial factor" test from Wilmot v. Kaiser Aluminum and Chem. Corp.[10] and Allison v. Housing Auth. of City of Seattle,[11] which addressed retaliatory discharge under other statutes. The Commission describes the Wright Line test as one which "may have given greater consideration to an employer's business reasons for adverse actions against employees, while the current [Wilmot] test may be more favorable to employees." The City does not dispute either the propriety of the Wilmot "substantial factor" test, nor that PERC has adopted it.
Our review of the statutes and policies persuades us that PERC is correct in adopting the test. As the Supreme Court observed in discussing the merits of the "determinative factor" test versus the "substantial factor" test in retaliation cases:
Neither test is perfect.
Nonetheless, in the context of retaliation for exercise of workers' compensation rights, we conclude that the substantial factor test is preferable. The mandate in RCW 51.48.025 is that retaliatory discharge or discrimination founded on an employee's assertion of statutory rights... violates sound public policy. An employer is simply not entitled to discharge employees because of their assertion of their statutory rights.[[12]]
The same logic applies here. The prohibition of retaliatory action against workers who exercise their rights to engage in protected collective bargaining activity is of equal or greater public policy importance. Wilmot is the appropriate test,[13] and the record indicates that the Commission essentially applied the Wilmot substantial factor test in Bodhaine's case. The only issue on appeal is whether the Superior Court correctly determined that the Commission's decision was factually unsupported. This requires examination of the evidence and findings regarding three parallel sequences of events.
Our examination leads us to conclude the superior court was correct, and its judgment is affirmed.
The remainder of this opinion has no precedential value and will be filed according to the rules of the court. See RCW 2.06.040; RAP 10.4(h).
NOTES
[1] RCW 34.05.570(3). An arbitrary and capricious action is one that is willful and unreasoning, without consideration, and in disregard of facts and circumstances. Pierce County Sheriff v. Civil Serv. Comm'n of Pierce County, 98 Wash.2d 690, 695, 658 P.2d 648 (1983). When room for two opinions exists, an action is not arbitrary and capricious even though one believes the conclusion is erroneous. Id.
[2] Tapper v. Employment Sec. Dep't, 122 Wash.2d 397, 402, 858 P.2d 494 (1993).
[3] Valentine v. Department of Licensing, 77 Wash. App. 838, 844, 894 P.2d 1352, review denied, 127 Wash.2d 1020, 904 P.2d 300 (1995).
[4] Id.; see also Olmstead v. Department of Health, Medical Section, 61 Wash.App. 888, 893-95, 812 P.2d 527 (1991) (findings were not supported by substantial evidence, and thus order based on those insufficient findings was arbitrary and capricious). The City cites several cases stating the "clearly erroneous" standard; however that standard was from the prior APA and no longer applies. In addressing the distinction between the "clearly erroneous" and "substantial evidence" standards, courts have noted that the substantial evidence standard is narrower in scope, thus giving greater deference to the agency decision. See Snohomish County v. Hinds, 61 Wash.App. 371, 378, 810 P.2d 84 (1991).
[5] RCW 41.56.140(1).
[6] Wright Line, 251 N.L.R.B. 1083, 1980 WL 12312 (1980), enforced, N.L.R.B. v. Wright Line, 662 F.2d 899 (1st Cir.1981)
[7] N.L.R.B. v. Transp. Mgmt. Corp., 462 U.S. 393, 401-04, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).
[8] See, e.g., Vancouver School Dist. v. Service Emp. Int'l Union, 79 Wash.App. 905, 916, 906 P.2d 946 (1995), review denied, 129 Wash.2d 1019, 919 P.2d 600 (1996) (describing history, applying Wright Line test).
[9] See Educational Service Dist. 114, Decision No. 4361-A(PECB 1994).
[10] 118 Wash.2d 46, 821 P.2d 18 (1991).
[11] 118 Wash.2d 79, 821 P.2d 34 (1991).
[12] Wilmot, 118 Wash.2d at 71, 821 P.2d 18.
[13] See Mackay v. Acorn Custom Cabinetry, 127 Wash.2d 302, 309, 898 P.2d 284 (1995).