[No. 35926. Department Two. October 19, 1961.]

WILLIAM R. FEHL-HABER et al., Respondents, v. JUSTUS NORDHAGEN et al., Appellants.*

R. G. Schimanski, for appellants.

A. O. Colburn and Leo H. Fredrickson, for respondents.

PER CURIAM.—The plaintiffs, by a conditional sales contract, purchased a GMC heavy duty truck from the defendants for $7,700 on July 31, 1959. Fifty-four hundred dollars of the purchase price was satisfied by the transfer to the defendants of a D-6 caterpillar, with dozer and winch, and a 1947 International truck. The balance of $2,300 was to be paid at the rate of $175 a month. The contract contained the usual "time is the essence" clause

*Reported in 365 P. (2d) 607.

with a provision for forfeiture of the vendees' interest upon default in payment.

The first four monthly payments were made late, but they were accepted by the defendants without claiming a forfeiture.

No written protest on account of delinquency was made except notations upon monthly statements sent to the plaintiffs and upon the receipts given for the late payments. The defendants notified the plaintiffs by telephone that if the payments were not made the defendants would do something under the contract.

Following the four late payments, there was a period of 90 days when no payment was made. The plaintiffs then mailed the defendants a check for $125. This was held by the defendants until they located and seized the truck.

The plaintiffs, by their attorney, immediately made a demand for possession of the truck and accompanied it with a check in the amount of $400, which, together with the $125 check previously sent, brought all of the accrued payments up to date.

The defendants refused to surrender the truck and, for the first time, asserted a forfeiture under the contract. The plaintiffs, thereupon, brought this action for conversion.

The trial court held there was a conversion as a matter of law and submitted to the jury only the question of the value of the vendees' interest in the truck as the measure of damages.

The defendants have appealed, but have not presented any new or unsettled question of law.

The Washington rule is that once a vendor waives his right of forfeiture he can only reinstate it by giving notice of forfeiture to the vendee, coupled with a reasonable opportunity for the vendee to fully comply with the contract. *Crutcher v. Scott Pub. Co.*, 42 Wn. (2d) 89, 253 P. (2d) 925.

The appellants did not allow any opportunity for compliance with the contract. On the contrary, upon the prompt payment of all that was then due under the contract, they returned the checks to the respondents and continued to

assert the forfeiture by retaining possession of the truck.

The court was correct in holding that there was a conversion as a matter of law and in submitting to the jury only the question of damages.

The judgment is affirmed.