[No. 20728-5-III. Division Three. February 13, 2003.]

JOHN SCHNEIDER, ET AL., *Individually and on Behalf of a Class, Appellants*, v. SNYDER'S FOODS, INC., ET AL., *Respondents*.

*Roblin J. Williamson* and *Kathryn A. Williams* (of *Williamson & Williams*), for appellants.

*Jeanne M. Chamberlain* and *Edwin C. Perry* (*Barbee B. Lyon* of *Tonkon Torp, L.L.P.*, of counsel), for respondents.

KURTZ, J. — The issue before us is whether United States Bakery's (the Bakery's) compensation agreement with its route sales representatives (Salespersons), complies with RCW 49.46.130(2)(f) by providing compensation for the Salespersons that is reasonably equivalent to overtime. This issue was initially submitted to the Washington De-

partment of Labor and Industries (the Department), which ruled that the compensation agreement complied with the statute, and was then resubmitted to the superior court, which agreed with the Department. We conclude that the Bakery's compensation for Salespersons is reasonably equivalent to overtime, as required by RCW 49.46.130(2)(f), and affirm.

## FACTS

The Bakery was formed from five family bakeries in Washington and Oregon.[1] The Bakery produces many different items such as bagels, bread, and pastries and sells them to supermarkets, restaurants, and schools.

The Bakery employs approximately 380 Salespersons. Five days a week, the Salespersons sell and deliver fresh baked goods to the customers on their designated routes. The Salespersons are fairly autonomous and have little supervision.

The Salespersons are represented by the Teamsters Union and in Washington are organized into nine different locals. A joint council of these locals coordinates the organizations throughout the state. Formerly, the Salespersons were not covered by one statewide contract, and instead were covered by three regional contracts based in Yakima, Spokane, and Seattle.

The Salespersons are paid a base salary plus a commission of sales, up to 7 percent. Total commissions a representative earns vary considerably among the Salespersons. On average, a Salesperson earns about $45,000 per year, but some earn $80,000.

One reason the earnings vary between Salespersons is that each route is unique. Some routes have high volume customers, such as supermarkets, in an urban setting with frequent stops. Other routes have lower volume customers

---

[1] The bakeries that now comprise the United States Bakery are Williams, Snyder's, Gais, Franz, and Smith Cookie Company, sometimes referred to as Archway Cookies.

located in rural areas where the Salesperson must drive several miles in between customers.

Routes are assigned according to the seniority of the Salesperson. When a Salesperson retires, his or her route comes up for bid.

On several previous occasions, the union and the Salespersons have reevaluated the Salespersons' compensation system. They have discussed converting to a straight hourly system with time and one-half for hours over 40. If an hourly system were adopted, the Salespersons would no longer receive a salary plus commission.

In the past, the union has analyzed data for each route and compared the payment for its members under each pay system. The union has consistently concluded that the current pay system of base salary plus commission provides more money to the Salespersons, and thus the union has not renegotiated the current compensation system.

The Original Lawsuit. In 1996, however, several Salespersons were unhappy with the compensation system, and filed a class action lawsuit seeking payment for overtime wages. The court granted the Bakery summary judgment on the basis that the complaint was preempted by federal labor statutes that required the Salespersons to first arbitrate the dispute before filing suit. This court reversed on appeal, holding that federal law did not require plaintiffs to resort to arbitration, and remanded for a trial on the merits. *Schneider v. Snyder's Foods, Inc.*, 95 Wn. App. 399, 976 P.2d 134 (1999).

The trial was never held. After remand, the parties agreed to settle the case. The Salespersons did not appeal.

The New Collective Bargaining Agreement. While the Bakery was litigating with the Salespersons, it was also negotiating with the union about how to pay the Salespersons in the future. The Salespersons' chief negotiator testified that the Salespersons did not want a change in compensation or distribution. Eventually, the Bakery and the union agreed on a new collective bargaining agreement.

The Salespersons ratified this new agreement by a vote of 76 percent.

In the new agreement, the Bakery agreed to pay the Salespersons what it terms the reasonable equivalent of overtime:

> In generating sales and serving their accounts, Route Salespersons may have to work more than forty (40) hours in a week. Accordingly, consistent with the understanding and practice that has been in effect since 1991, the parties agree to continue to provide additional compensation for those Route Salespersons who work more than forty (40) hours per week. The parties understand and agree that this additional compensation continues to exceed or be at least reasonably equivalent to any overtime compensation that could otherwise be calculated in accordance with RCW 49.46.

Ex. 119, at 33.

The Salespersons' Pay Structure. The pay system for the Salespersons has three components: (1) a premium for excessive hours, (2) a mileage premium, and (3) part of the commission on sales. When a Salesperson has consistently worked over 50 hours in a consecutive four-week period, the Bakery and the Salesperson will meet to discuss solutions to reducing the hours. If the parties do not reach an agreement, the Bakery will pay an excessive hours premium of $15 per hour for all hours over 50 in a week.

The mileage premium is implicated in rural routes that require more driving than urban routes. Salespersons who drive more than 400 miles per week are paid $15 more per week, with an upward sliding scale depending on the number of miles driven.

Finally, Salespersons earn up to a 7 percent commission on sales, less on certain items. Up to 2.5 percent of this commission is designated as a component that is "reasonably equivalent" to overtime. Ex. 119, at 33. The salary plus commission was compared to hourly overtime by the Bakery using mathematical calculations. The calculations were based on a collection of detailed information on each of the

nearly 400 routes. Calculations were performed with simultaneous equations and the results were reported in a spreadsheet.

The Salespersons are now required to track their hours with a handheld computer. Periodic reviews of the routes are required by the collective bargaining agreement, as well as the Department of Labor and Industries. If a year-end review shows that a route deviates significantly from the original calculation, it will be adjusted.

This Appeal. The parties submitted the collective bargaining agreement to the Washington Department of Labor and Industries to determine if the compensation for the Salespersons is reasonably equivalent to overtime, as required by RCW 49.46.130(2)(f).[2] The Department ruled that the Salespersons' compensation system constituted the reasonable equivalent of overtime. However, the Department's approval was provisional, requiring the Bakery to keep accurate records and submit additional information to the Department at the end of 2001.

While the matter was pending in front of the Department, the parties agreed to settle the case. One of the terms of the settlement was that the parties agreed to file an action in superior court for declaratory judgment and submit the issue as to whether the compensation system qualified as the reasonable equivalent of overtime.

The trial court concluded that the decision of the Department was not arbitrary, capricious, or manifestly unreasonable and ruled the Department's decision should be given effect. However, the court also stated that it found, independent of the Department's decision, the Bakery's compensation system provides a structure for the Salespersons that is the reasonable equivalent of statutory overtime.

The Salespersons appeal.

---

[2] RCW 49.46.130 does not apply to: "An individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week." RCW 49.46.130(2)(f).

## ANALYSIS

*Did the trial court err by finding that the collective bargaining agreement pay structure for the Salespersons provided the reasonable equivalent of statutory overtime?*

The Salespersons contend that the trial court erred by holding that the compensation provided in the collective bargaining agreement constituted the reasonable equivalent of overtime.

■ ■ Ordinary rules of appellate procedure apply to an appeal from a declaratory judgment. *Nollette v. Christianson*, 115 Wn.2d 594, 599-600, 800 P.2d 359 (1990). In a declaratory judgment action, " '[a]ll orders, judgments and decrees . . . may be reviewed as other orders, judgments and decrees.' " *Id.* at 599 (quoting RCW 7.24.070). Thus, we determine if the trial court's findings of fact were supported by substantial evidence in the record. *Landmark Dev., Inc. v. City of Roy*, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999). If so, this court next decides whether those findings of fact support the trial court's conclusions of law. *Id.*

■ On appeal, a trial court's findings of fact will not be disturbed if they are supported by "substantial evidence." *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980). Unchallenged findings of fact become verities on appeal, and thus they are the facts of the case. *Goodman v. Bethel Sch. Dist. No. 403*, 84 Wn.2d 120, 124, 524 P.2d 918 (1974). In this case, the Salespersons do not assign error to any of the trial court's findings and, therefore, they are verities on appeal.

RCW 49.46.130(1) provides in part that "no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." This section does not apply to "[a]n individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec.

10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week." RCW 49.46.130(2)(f). The parties do not dispute that the Salespersons are subject to the Federal Motor Carrier Act.

WAC 296-128-012(1)(a) provides that "the compensation system under which a truck . . . driver subject to the provisions of the Federal Motor Carrier Act is paid shall include overtime pay at least reasonably equivalent to that required by RCW 49.46.130." Under WAC 296-128-011(1), an alternate compensation system may be based upon "hours or work units such as mileage, performance of specified duties, or a specified percentage of the gross proceeds charged for specified work."

The Salespersons' compensation has three components: (1) a premium for excessive hours, (2) a mileage premium, and (3) part of the commission on sales. The trial court found that the excess mileage and premium pay provisions were not the primary features of the compensation system and could not survive scrutiny as an alternative compensation system.

The primary feature of the Salespersons' compensation system is the commission on sales. The Salespersons earn up to a 7 percent commission on sales, and up to 2.5 percent of this commission is designated as "reasonably equivalent" to overtime. The trial court found that the compensation structure is a continuation of a practice that has been in effect since 1991, and was the result of arms'-length collective bargaining.

Additionally, the court found that the Salespersons preferred the base plus commission system because it provided better pay than an hourly system. The court concluded that the evidence demonstrated the salary plus commission compensation scheme pays a Salesperson an amount that is reasonably equivalent to statutory overtime.

Specifically, the court relied upon Exhibit 115, which showed the amount paid for overtime hours is reasonably

equivalent to one and one-half times the hourly rate for an hourly employee. In examining Exhibit 115, the court found that no direct correlation existed between hours worked and commissions earned because each route is unique for a variety of reasons.

In this case, the court's findings are supported by the record. However, these findings were not challenged, and thus are verities on appeal. The Salespersons' primary complaint is with the trial court's conclusion that the collective bargaining agreement provides the reasonable equivalent of statutory overtime. Thus, review is limited to determining whether the findings support this conclusion of law. *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 323, 623 P.2d 702 (1981).

The Salespersons complain that the compensation system is not an enhanced system as promised, and adds nothing more than a slight base salary increase. While this contention may be true, this fact is unrelated to whether the compensation system pays the reasonable equivalent of overtime. The statute does not require an enhanced pay system, nor is the Bakery obliged to pay an enhanced salary. Rather, the statute simply requires that the Bakery pay the Salesperson the reasonable equivalent of time and one-half.

Additionally, the Salespersons complain that the union and Bakery have simply manipulated earnings to produce a percentage that is the portion of commissions that represents overtime. The significant flaw in the Salespersons' analysis is that it is based upon the assumption that all routes are equal and that all Salespersons must receive the same rate of pay. This is not the law. And, as the trial court found, the amount and percentage of commissions paid are the proper subjects of negotiation and bargaining. As such, the Bakery and union are entitled to determine individual salaries and commissions. Also, the Bakery and union are entitled to determine what percentage of these commissions can be attributable to overtime, as long as that percentage constitutes the reasonable equivalent of statutory overtime.

In this case, the parties submitted documents reflecting that a varying percentage of commission, up to 2.5 percent, is the reasonable equivalent of statutory overtime. Of course, the hourly pay for each Salesperson varies, as does the percentage of their income that is attributable to overtime. Notwithstanding these variances, the record reveals that a reasonable equivalent to overtime is paid to each Salesperson for all hours worked in excess of 40 per week. The trial court's conclusion is supported by the findings.

*Did the trial court err by giving deference to the Department of Labor and Industries' determination?*

The Salespersons contend that it was error for the trial court to afford deference to the Department of Labor and Industries' determination. The trial court found that the decision of the Department was not arbitrary, capricious, or manifestly unreasonable and therefore the Department's decision should be given effect.

██ Substantial weight is given to an agency's interpretation of the statutes it administers that are within the agency's specialized expertise. *Manke Lumber Co. v. Diehl*, 91 Wn. App. 793, 802, 959 P.2d 1173 (1998) (citing *Weyerhaeuser Co. v. Dep't of Ecology*, 86 Wn.2d 310, 315, 545 P.2d 5 (1976)). An agency's interpretation will be upheld if it is a plausible construction of the statute or rule. *Seatoma Convalescent Ctr. v. Dep't of Soc. & Health Servs.*, 82 Wn. App. 495, 518, 919 P.2d 602 (1996).

██ Although the court gives due deference to the specialized knowledge and expertise of the administrative agency, such deference does not extend to agency actions that are arbitrary, capricious, and contrary to law. Under the arbitrary and capricious standard, the court will reverse only if an agency action was "willful and unreasoning, and taken without regard to the attending facts or circumstances." *ITT Rayonier, Inc. v. Dalman*, 122 Wn.2d 801, 809, 863 P.2d 64 (1993).

Evaluating whether an agency's decision was arbitrary and capricious involves evaluating the evidence considered

by the agency in making its decision. *Pierce County Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 695, 658 P.2d 648 (1983). " 'Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached.' " *Id.* (quoting *State v. Rowe*, 93 Wn.2d 277, 284, 609 P.2d 1348 (1980)).

■ The Department of Labor and Industries has the authority to supervise, administer, and enforce all laws pertaining to employment, including wage and hour laws. RCW 43.22.270(4). The Department also "may evaluate alternative rates of pay and formulas used by employers in order to determine whether the rates of pay . . . [are] reasonably equivalent to one and one-half times the base rate of pay for actual hours worked within the state of Washington in excess of forty hours per week." WAC 296-128--012(1)(c). Thus, determination of whether a compensation scheme constitutes the reasonable equivalent of statutory overtime is within the Department's specialized expertise. As a result, the Department's decision relating to the Bakery's compensation scheme is entitled to substantial weight and should be upheld if it is a plausible construction of the statute, and not arbitrary, capricious, and contrary to the law.

In this case, the Salespersons complain about the process by which the Department made its decision. Specifically, the Salespersons express their concern that the compliance officer failed to consider all of the evidence. While the compliance officer may not have considered all of the materials the Salespersons consider critical in making a decision, it cannot be said that his review was deficient, much less arbitrary or capricious. In making his decision, the compliance officer considered the material and evidence submitted by both parties. Additionally, the compliance officer requested and considered additional information relating to the Salespersons' compensation. He also examined the minimum wage statute and regulations relating to drivers under the Federal Motor Carrier Act. We agree with the trial court that the Department's decision was not arbitrary, capricious, or manifestly unreasonable.

The Department had the authority to review the alternate overtime compensation scheme and determine if it is the reasonable equivalent of the hourly statutory overtime. Evidence in the record supports the Department's determination that the salary plus commission scheme is the equivalent of statutory overtime, and thus the decision was not arbitrary and capricious. The trial court did not err by stating the Department's decision was entitled to deference. However, the trial court specifically stated it made an independent review of the decision, and thus this issue is of little or no importance to the determination of this case.

We affirm the judgment of the trial court.

BROWN, C.J., and SWEENEY, J., concur.

Review denied at 150 Wn.2d 1012 (2003).